### Swan Realty Group, LLC v. State Farm Fire and Casualty Company (8:24-cv-364)
### Position Statements Regarding Disputes Concerning Rule 30(b)(6) Deposition Notice
### Plaintiff Issued to Defendant

| DEPOSITION TOPIC | PLAINTIFF'S POSITION | DEFENDANT'S POSITION |
|---|---|---|
| **Topic No. 1:**<br>The Names, Job Titles, Annual Compensation Amounts and structures, and description of the positions of State Farm's employees within the office or offices responsible for handling or supervising the Claim. The designee should be prepared to testify regarding the hierarchy of the persons involved in the claim for each department involved, the specific responsibility and authority for each person involved in any manner in the claim, the roles of each person in any investigation of the claims, the identity and scope of supervision, and the monetary authority for each person, and the chain of command for State Farm of all decisions on the Claim, and how that individual became involved or assigned to the Claim. | As alleged in Swan's Complaint, State Farm admitted damage to the interior, roof, and other structures was covered under the prior homeowner's policy; however, the estimate provided was not commensurate with the scope of work required to remediate the damage. State Farm denied these allegations and affirmatively alleged it is entitled to a credit or offset for all amounts it was previously paid. Due to State Farm's admission of coverage then later denial, the personnel involved, their decision-making authority, financial incentives, and evaluation of performance is relevant under Fed. R. Civ. Pro. 26(b)(1) to the determination of whether coverage existed, and the extent of coverage, by the employees of State Farm in this case. *See Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 1120940, at *7 (D. Neb. Mar. 23, 2021) (finding interrogatories seeking information related to potential employee | This case involves an alleged breach of an insurance contract with respect to alleged storm damage to a house. Plaintiff is the purported assignee of the insurance claim. Because an assignee lacks standing to assert a bad faith claim under Nebraska law, there is no bad faith claim in this lawsuit. State Farm has paid Plaintiff in excess of $80,000 on the claim to date. Plaintiff is demanding more. Thus, the lawsuit is limited to whether State Farm breached the contract by denying certain aspects of Plaintiff's claim.<br><br>Each claim handler's monetary settlement authority is not reasonably calculated to lead to the discovery of admissible evidence regarding whether Plaintiff's damage claims are covered by the policy. In addition information regarding employee compensation is not reasonably calculated to lead to the discovery of admissible evidence regarding whether the claimed damage is covered and is not proportional to the needs of the case. *See* [Buckley Towers Condominium, Inc. v. QBE Ins. Corp., 2008 WL 2645680, at *5 (S.D.Fla., 2008)](#) ("[I]f the general rule were that every … insurance |

| | | |
|---|---|---|
| | incentives was relevant to breach of contract claim asserted against the insurer because such information could be used to undercut the insurers assertion that it conducted a proper investigation and it could also be used to attack the credibility of the claims adjuster's damage assessments); *see also Rounds v. Hartford*, No. 4:20-CV-04010-KES, 2021 WL 4150838, at *6 (D.S.D. Sept. 13, 2021) ("Bonus programs may provide some evidence of the motivation of claims personnel in evaluating a claim."); *Pochat v. State Farm Mutual Automobile Ins. Co.*, No. Civ. 08-2015-KES, 2008 WL 5192427 at *5 (D.S.D. Dec. 11, 2008) (holding "information [regarding employee award and financial bonus programs is] ... relevant to plaintiff's bad-faith insurance and breach of contract claims").<br><br>This topic is also expressly tailored to the Claim and claim adjusters. Plaintiff is willing to enter a reasonable protective order to address any confidentiality concerns. | adjuster's financial or contractual documents with an insurer were subject to production in a breach of contract coverage dispute, the scope of discovery in these cases would be materially increased. The litigation cost and time required to address that broadened discovery would undermine the essential purpose of this case- adjudicating whether coverage applies at all and the amount that the insured is due under the policy. That targeted process should not become unwieldy and should not consume unnecessary resources."). Both of the cases Plaintiff relies on involved bad faith claims and are therefore inapplicable.<br><br>State Farm will produce a witness who will testify about the names and job titles of those employees who handled or supervised this Claim and what each person's role was in the claim. |
| **Topic No. 2:**<br>The details surrounding the assignment of the various claim owners or handlers on the Claim. This includes information regarding the | Same position as for Topic No. 1 above. | The issue in this case is whether State Farm breached the policy by denying Plaintiff's claims for damages. The process of how claim |

| | | |
|---|---|---|
| process of claim assignments, other employees who were available to adjust the Claim, and the education and work history along with any training State Farm provided or paid for each employee. | | handlers are assigned to claims, and whether other claim handlers who were available to handle the claim is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. |
| **Topic No. 3:**<br>Financial incentives, bonuses, including short term incentive programs (however called) that State Farm claim adjusters, claim managers or other employees may be eligible for, and the criteria, process, or metrics used (however called) to determine whether a claim adjuster/claim managers/employee is eligible to receive the incentive, bonuses, including short term incentive programs (however called). | Same position as for Topic No. 1 above. | There is no allegation of bad faith in this lawsuit. Because there is no claim of bad faith, a claim handler's financial motive, if any, is irrelevant. The sole issue is whether the contract was breached. Information regarding employee compensation amounts and structures is not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. *See* Buckley Towers Condominium, Inc. v. QBE Ins. Corp., 2008 WL 2645680, at *5 (S.D.Fla., 2008) *supra*. |
| **Topic No. 4:**<br>Criteria and process used to evaluate employee performance for the employees involved in the Claim. | Same position as for Topic No. 1 above. | There is no allegation of bad faith in this lawsuit, so what criteria State Farm uses to evaluate employee performance for the employees involved in this case is not reasonably calculated to lead to the discovery of admissible evidence. *See* Bay Point Turtlegrass Villas Association v. Lexington Insurance Company, 2021 WL 12135389, at *3 (N.D.Fla., 2021) ("Several courts have held that policies, procedures, guidelines, and other documents relating to the |

| | | |
|---|---|---|
| | | handling or adjusting of claims are relevant only to bad faith claims and, therefore, are not discoverable in actions solely for breach of contract.") |
| **Topic No. 5**<br>All training, applicable to claims handling, provided to State Farm employees handling the Claim, concerning: (a) first party homeowner's damages, (b) evaluation of structural property damages, (c) evaluation of structural property homeowner's damages, (d) evaluation of personal property damages (e) types of evidence/proof, (f) weighing/evaluating evidence/proof, (g) types of information/evidence that reduces the value of a claim; (h) types of information/evidence that reduces the value of a claim; (i) how to assess damages; (j) quantum of evidence/documents/information/proof necessary to prove a 1st party claim, (k) payment of undisputed amounts in a 1st party claim; claim handling, claim investigation, (l) tool to use/tools available to an adjuster when questions or concerns arise regarding the claim, such as questions or concerns arise regarding he claim, such as questions or concerns regarding damages, (m) Xactimate or Xact Contents training. | As alleged in Swan's Complaint, State Farm admitted coverage under the policy for the Claim. State Farm later denied coverage for Swan's damaged property. The process by which State Farm handles homeowner's claims and makes determinations of coverage, including the manner and method State Farm's employees of are trained, is relevant. This topic is limited to the training provided to the employees handling the Claim at issue in this case and sets forth particular items of training. Plaintiff is willing to enter a reasonable protective order to address any confidentiality concerns. | There is no allegation of bad faith in this lawsuit, so the training provided to the claim handlers involved in this case is not reasonably calculated to lead to the discovery of admissible evidence. *See* Bay Point Turtlegrass Villas Association v. Lexington Insurance Company, 2021 WL 12135389, at *3 (N.D.Fla., 2021) ("Several courts have held that policies, procedures, guidelines, and other documents relating to the handling or adjusting of claims are relevant only to bad faith claims and, therefore, are not discoverable in actions solely for breach of contract."). The issue is what claim decision was made in this case, not what training is provided in a generic first party insurance claim. Moreover, Plaintiff has requested the depositions of the claim handlers involved in this case, who are in a better position to testify as to how they handled the claim. |
| | | |