IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SWAN REALTY GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | 8:24CV364 <br><br> MEMORANDUM AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S RULING SUSTAINING OBJECTIONS TO RULE 30(B)(6) DEPOSITION TOPICS |

This matter is before the Court on the motion, Filing 55, of Plaintiff Swan Realty Group, LLC (SRG), objecting to a Magistrate Judge's ruling on a discovery matter, Filing 51. In that ruling, the Magistrate Judge sustained State Farm Fire and Casualty Company's (State Farm's) objections to SRG's Federal Rule of Civil Procedure 30(b)(6) deposition topics. For the reasons stated below, SRG's objections are overruled.

I. BACKGROUND

The Court stated the factual background for this case, as alleged in SRG's Amended Complaint, in a prior order. Filing 13. The Court briefly restates relevant portions of the factual background, as alleged, and summarizes the pertinent procedural background to contextualize the Court's discussion on the disputed Rule 30(b)(6) deposition topics.

According to the Amended Complaint, State Farm issued a homeowner insurance policy (the Policy) to Theodore J. Matsukis for real property located at 310 South 53rd Street, Omaha, Nebraska (the Property). Filing 1-1 at 2 (¶¶ 5–6). "On or about June 7, 2022, the Property [allegedly] sustained severe damage as a result of a hailstorm, including damages to the roof and interior of the dwelling on the Property as well as outbuildings on the Property." Filing 1-1 at 2 (¶ 8) According to the Amended Complaint, the Policy was in force and in effect "[o]n or about

1

June 7, 2022." Filing 1-1 at 2 (¶ 7). The Amended Complaint provides that on March 17, 2023, Matsukis died, and the "Insured for the Policy became the Estate of Theodore J. Matsukis." Filing 1-1 at 2 (¶ 9). "On July 6, 2023, the Estate of Theodore J. Matsukis [allegedly] assigned the claim related to the damages sustained on the Property due to the hailstorm . . . to [SRG]." Filing 1-1 at 2 (¶ 10). "[SRG] [allegedly] made a timely demand upon State Farm to pay the fair and reasonable cost of repairing the damages sustained on the Property, whereupon State Farm has admitted coverage but drastically understated the scope of said damage that needs to be remediated and the cost of said remediation." Filing 1-1 at 2 (¶ 12). According to the Amended Complaint, "State Farm issued two partial payments under the Policy for the Claim." Filing 1-1 at 2 (¶ 13).

During this case's pretrial progression, SRG served State Farm with a Notice of Rule 30(b)(6) Deposition, giving State Farm notice to "designate one or more officers, directors, managing agents, or other persons who consent to testify on behalf of the defendant, State Farm," and to prepare the designee(s) to testify to "the topics identified on Exhibit A." Filing 52-1 at 1. According to SRG, service occurred on July 3, 2025. Filing 56 at 2. Exhibit A contained 20 topics. Filing 52-1. State Farm objected to the five topics (Disputed Topics) provided below.

1. The Names, Job Titles, Annual Compensation Amounts and structures, and description of the positions of State Farm's employees within the office or offices responsible for handling or supervising the Claim. The designee should be prepared to testify regarding the hierarchy of the persons involved in the claim for each department involved, the specific responsibility and authority for each person involved in any manner in the claim, the roles of each person in any investigation of the claims, the identity and scope of supervision, and the monetary authority for each person, and the chain of command for State Farm of all decisions on the Claim, and how that individual became involved or assigned to the Claim.

2. The details surrounding the assignment of the various claim owners or handlers on the Claim. This includes information regarding the process of claim assignments, other employees who were available to adjust the Claim, and the education and work history along with any training State Farm provided or paid for each employee.

2

3. Financial incentives, bonuses, including short term incentive programs (however called) that State Farm claim adjusters, claim managers, or other employees may be eligible for, and the criteria, process, or metrics used (however called) to determine whether a claim adjuster/claim managers/employee is eligible to receive the incentive, bonuses, including short term incentive programs (however called).

4. Criteria and process used to evaluate employee performance for the employees involved in the Claim.

5. All training, applicable to claims handling, provided to State Farm employees handling the Claim, concerning: (a) first party homeowner's damages, (b) evaluation of structural property damages, (c) evaluation of structural property homeowner's damages, (d) evaluation of personal property damages (e) types of evidence/proof, (f) weighing/evaluating evidence/proof, (g) types of information/evidence that reduces the value of a claim; (h) types of information/evidence that reduces the value of a claim; (i) how to assess damages; (j) quantum of evidence/documents/information/proof necessary to prove a 1st party claim, (k) payment of undisputed amounts in a 1st party claim; claim handling, claim investigation, (l) tool to use/tools available to an adjuster when questions or concerns arise regarding the claim, such as questions or concerns arise regarding he [sic] claim, such as questions or concerns regarding damages, (m) Xactimate or Xact Contents training.

Filing 52-1 at 3, 5–6 (¶¶ 1–4, 19) (Exhibit A); Filing 55 at 2–3.

United States Magistrate Judge Michael D. Nelson held a telephonic conference on November 6, 2025, during which State Farm's objections to the Disputed Topics were considered. Filing 51. Judge Nelson ruled in favor of State Farm on each of the five topics during the telephonic conference and stated that the Disputed Topics are not relevant to SRG's breach-of-contract claim in support of the ruling. Filing 51. On November 20, 2025, SRG filed "Objections to Magistrate Judge's Findings and Recommendations." Filing 55. That motion is now before the Court.

## II. LEGAL ANALYSIS

### A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

(a) **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when

3

> appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (authorizing designation of a magistrate judge "to hear and determine any pretrial matter," and authorizing a district judge to "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.") (citing 28 U.S.C. § 636(b)(1)(A)); *see generally Devine v. Walker*, 984 F.3d 605, 607–08 (8th Cir. 2020) (explaining that the Circuit Courts of Appeals lack jurisdiction over direct appeals of a magistrate judge's decision on a nondispositive pretrial matter and may only review decisions of a district court).

The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

4

### B.  SRG's Objections

#### 1.  The Parties' Arguments

SRG argues that the deposition topics seek information "pertain[ing] to (1) how coverage under the policy is determined, and (2) to what extent." Filing 56 at 4. Such information is necessary, according to SRG, because "State Farm admitted coverage under the applicable policy for property damage sustained in a storm" but "[t]hereafter . . . refused to pay the cost to repair interior water damage sustained and failed to provide sufficient coverage to remediate covered damage sustained on the roof." Filing 56 at 4–5. According to SRG, "The crux of [its] breach of contract claim, therefore, involves the decision-making of State Farm as to policy coverage and the process by which that occurs." Filing 56 at 5.

SRG asserts that Topics 1, 2, and 5, which seek information relating to the process for handling claims and determining coverage, are relevant and proportional to the needs of the case. Filing 56 at 5–7. SRG argues that this is so because "State Farm's contention that 'bad faith' discovery cannot be sought in a breach of contract claim is incorrect, [as] these causes of action overlap." Filing 56 at 6. SRG therefore asserts that whether State Farm had a "reasonable basis to deny coverage 'goes to . . . whether the insurer breached the insurance contract.'" Filing 56 at 6 (citing *Gaines v. State Farm Fire & Cas. Co.*, No. 8:20CV385, 2021 WL 3856113, at *3 (D. Neb. Aug. 27, 2021)). According to SRG, information relating to State Farm's decision-making process will shed light on the reasonableness of State Farm's decision to purportedly admit coverage and subsequently deny coverage, as "State Farm's reasonableness . . . is measured by the manner in which the claim was assessed, investigated, and handled," which is relevant to whether coverage existed. Filing 56 at 6–7.

According to SRG, Topics 1, 3, and 4, which seek information relating to the financial incentives of the persons handling the claim, are also relevant and proportional to the needs of the case because,

> First, influence by which employees and agents with authority to make decisions, whether monetary or otherwise, is relevant as it goes towards the process by which coverage is determined. Second, such discovery could be used to attack credibility of State Farm's claims adjusters or claim handlers with regards to damage assessments where [SRG's] breach of contract damages are significantly greater than the coverage provided.

Filing 56 at 10.

State Farm argues that "SRG's sole claim in this lawsuit is that State Farm breached the insurance contract by failing to pay SRG, as an alleged non-insured assignee, as much as SRG believes is owed to the Estate under the Policy." Filing 60 at 6. According to State Farm, however, "[n]one of the Disputed Topics SRG identified, such as employee compensation, training, monetary authority, bonuses, financial metrics, personnel files, etc. are relevant to any element of a breach of contract claim." Filing 60 at 6. State Farm asserts that this is so because "motivation or intent for denying coverage is not an element of a breach of an insurance contract case." Filing 60 at 7 ("[R]easonableness is not an element of a breach of contract claim."). Therefore, State Farm maintains that "[t]he Magistrate Judge did not commit clear error, nor act contrary to law, in determining that performing discovery on the irrelevant Disputed Topics is wasteful and not proportional to the needs of the case." Filing 60 at 7.

   2. *Judge Nelson Neither Committed Clear Error nor Acted Contrary to Law*

As this Court has previously stated,

Nebraska "construe[s] insurance contracts like other contracts, according to the meaning of the terms that the parties have used." *Peterson v. Homesite Indem. Co.*, 840 N.W.2d 885, 891–92 (Neb. 2013). "Whether an insurer has a duty to indemnify and defend an insured depends upon whether the insured's claimed occurrence falls within the terms of the insurer's coverage as expressed in the policy." *Federated Serv. Ins. Co. v. All. Constr., LLC*, 805 N.W.2d 468, 474 (Neb. 2011). "In order to

6

recover on an action for a breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, [and] damage...." *Dep't of Banking & Fin. of Neb. v. Wilken*, 352 N.W.2d 145, 147 (Neb. 1984).

*First Ins. Grp., LLC v. Pa. Lumbermens Mut. Ins. Co.*, No. 8:25-CV-180, 2025 WL 3723472, at *4 (D. Neb. Oct. 1, 2025). Put simply, the Court will look to the terms of an insurance policy to determine whether there has been a breach under Nebraska law, as "[the policy's] terms provide the scope of the policy's coverage." *Peterson,* 840 N.W.2d at 891 (citing *Rickerl v. Farmers Ins. Exch.*, 277 Neb. 446, 763 N.W.2d 86 (2009)).

Because the pertinent question for a breach of insurance contract claim under Nebraska law is whether the insurer breached the terms of the policy, *see Federated Serv. Ins. Co.*, 805 N.W.2d at 474, this Court has observed that evidence such as communications between a defendant's employees while handling the plaintiff's claim and the defendant's motivations in evaluating the claim are not relevant to a breach of insurance contract claim. *See Panchal Enters. v. State Farm Fire & Cas. Co.*, 8:20-CV-295, 2021 WL 1909897, at *2 (D. Neb. May 12, 2021) (citing *Panchal Enters.*, 2021 WL 2195504, at *3 (D. Neb. Mar. 10, 2021) (Nelson, Mag. J.) ("Much of the evidence pertaining to the bad faith claim will be irrelevant to the contract claim. For instance, the communications between State Farm employees while handling the Plaintiff's claim and State Farm's subjective motivations in evaluating the claim are not relevant to whether State Farm breached the contract terms.")). Such evidence goes to decision-making processes, intentions, and motivations, which could be relevant to bad faith claims. However, breach of insurance contract claims are governed by the terms expressed in the policy. *See Federated Serv. Ins. Co.*, 805 N.W.2d at 474. Magistrate Judges in this district have similarly noted that discovery into the decision-making processes, intentions, and motivations of the defendant is inappropriate for breach-of-contract claims. *See Dowling v. State Farm Mut. Auto. Ins. Co.*, 8:22CV326, 2023 WL 6050203, at *2 (D. Neb. May 30, 2023) (Bazis, Mag. J.) ("If the [breach-of-contract and bad

faith] claims were tried together, there is a serious risk that the jury would improperly consider evidence related to Defendant's processes and motivation when deciding the breach of contract claim."); *Gaines*, 2021 WL 3856113, at *3 (D. Neb. Aug. 27, 2021) (Zwart, Mag. J.) ("Stated in another way, for breach of contract, Plaintiffs must prove that State Farm incorrectly applied a policy exclusion to these facts. But, for bad faith, Plaintiffs must prove that State Farm incorrectly applied a policy exclusion on purpose and with reckless disregard or knowledge of the fact that it should not have been invoked in this case." (emphasis omitted)) (collecting cases).

In a prior order, this Court stated that "SRG both has not and cannot assert a claim for bad faith." Filing 13 at 14. There is one cause of action at issue in this case: breach-of-contract. Filing 1–1 at 4. As noted above, "Whether an insurer has a duty to indemnify and defend an insured depends upon whether the insured's claimed occurrence falls within the terms of the insurer's coverage as expressed in the policy." *Federated Serv. Ins. Co., LLC*, 805 N.W.2d at 474. In other words, whether State Farm breached the Policy by failing to fully indemnify SRG for the damage caused to the Property by the June 7, 2022, hailstorm turns on how the loss comports with the Policy's terms. *See id.* SRG incorrectly posits that information related to "training provided to employees, the processes of claim assignment, financial incentives for employees, and employee evaluation" is relevant to its case because "such information pertains to (1) how coverage under the policy is determined, and (2) to what extent." Filing 56 at 4. "The decision-making of State Farm as to policy coverage and the process by which that occurs," Filing 56 at 4, is not relevant for purposes of a breach of insurance contract claim because the scope of the Policy's coverage was set antecedently by its consummated terms, and the question of breach asks if SRG's "claimed occurrence falls within the terms of the [Policy]." *Federated Serv. Ins. Co., LLC*, 805 N.W.2d at 474. Disputed Topics 1, 2, and 5, which seek information relating to the process for handling

8

claims and determining coverage, and Disputed Topics 1, 3, and 4, which seek information relating to financial incentives for persons handling the claim, are aimed at discerning decision-making processes and motivations. As shown above, those processes and motivations are not relevant for purposes of determining whether State Farm breached the Policy by failing to fully indemnify SRG. Filing 56 at 4–6, 10; *Federated Serv. Ins. Co., LLC*, 805 N.W.2d at 474; *see Panchal Enters.*, 2021 WL 1909897, at *2 (citing *Panchal Enters.*, 2021 WL 2195504, at *3 ("Much of the evidence pertaining to the bad faith claim will be irrelevant to the contract claim. For instance, the communications between State Farm employees while handling the Plaintiff's claim and State Farm's subjective motivations in evaluating the claim are not relevant to whether State Farm breached the contract terms.")).

The Court notes that SRG briefly argues that Topics 1, 3, and 4 should be permitted because "such discovery could be used to attack credibility of State Farm's claims adjusters or claims handlers with regards to damage assessments where [SRG's] breach of contract damages are significantly greater than the coverage provided." Filing 56 at 10. The Court understands SRG to argue that the designee's deposition on the financial incentives for persons handling SRG's claim would undermine those adjusters' and handlers' credibility "with regards to [their] damage assessments." *See* Filing 56 at 8, 10. However, adjusters' and handlers' credibility "with regards to the damage assessments" is not relevant for the breach-of-contract claim. Why the adjusters or handlers reached the decision to allegedly deny or limit indemnification or what their motivations were for reaching their determinations does not matter absent a pending bad faith claim because a breach-of-contract claim does not concern the subjective motivations undergirding the decisions.[1]

---

[1] Exclusion of evidence relating to decision-making processes and motivations at trial would be appropriate under Federal Rule of Evidence 403, as such evidence would confuse the issues or mislead the jury. *Fireman's Fund Ins. Co. v. Canon U.S.A., Inc.*, 394 F.3d 1054, 1060 (8th Cir. 2005) (citing Fed. R. Evid. 403). Thus, the Disputed Topics would not likely lead to admissible evidence. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

9

*Federated Serv. Ins. Co., LLC*, 805 N.W.2d at 474; *see Panchal Enters.*, 2021 WL 1909897, at *2 (citing *Panchal Enters.*, 2021 WL 2195504, at *3).

As explained above, "A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson*, 484 F.3d at 1076 (citing 28 U.S.C. § 636(b)(1)(A)). Federal Rule of Civil Procedure 26(b)(1) provides, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (citation omitted) ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case. . . ."). Given the Disputed Topics concern "the decision-making of State Farm as to policy coverage and the process by which that occurs," Filing 56 at 5, and that a claim for breach of an insurance contract under Nebraska law turns on whether the insurer fails to sufficiently indemnify an insured when the loss falls within the coverage defined by the policy's terms, *Federated Serv. Ins. Co., LLC*, 805 N.W.2d at 474, the Court agrees with State Farm that the Disputed Topics are not relevant to SRG's sole claim and not proportional to the needs of the case. The Court finds no error in Judge Nelson's decision nor any inconsistency with the law. *Ferguson*, 484 F.3d at 1076.

### III. CONCLUSION

For the reasons stated above, Magistrate Judge Nelson's order should be upheld.

IT IS ORDERED that Plaintiff's Objections, Filing 55, are overruled.

Dated this 22nd day of January, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

10